1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  **MARK DELAPLANE,**                    )    NO. CV 08-2306-JFW (MAN)
                                           )
12                                         )    ORDER ADOPTING FINDINGS,
                **Petitioner,**            )
13                                         )    CONCLUSIONS, AND RECOMMENDATIONS OF
            **v.**                         )
14                                         )    UNITED STATES MAGISTRATE JUDGE
    **JOHN MARSHALL, Warden,**             )
15                                         )
                                           )
16              **Respondent.**            )
                                           )
17  ─────────────────────────────

18       Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition

19  for Writ of Habeas Corpus, all of the records herein, the Report and

20  Recommendation of United States Magistrate Judge, Respondent's

21  Objections ("Objections"), and Petitioner's Response to Respondent's

22  Objections.  The Court has conducted a *de novo* review of those matters

23  to which objections have been made.

24

25       Respondent argues that Petitioner's release on parole precludes

26  this Court from fashioning a remedy to redress his injury, because the

27  only proper remedy would be remand for a new parole decision consistent

28  with due process.  (Objection at 3-4.)  Because Petitioner has already

1   been released, Respondent argues, the Court no longer can afford him a

2   remedy, and the Petition is moot.  (*Id*.)  Respondent cites the Ninth

3   Circuit's recent decision in <u>Chioino v. Kernan</u>, 581 F.3d 1182, 1186 (9th

4   Cir. 2009), in which the Ninth Circuit held that the proper remedy for

5   Sixth Amendment error under <u>Cunningham v. California</u>, 549 U.S. 270, 127

6   S. Ct. 856 (2007), is remand to the state trial court for re-sentencing.

7   However, unlike a state trial court's sentencing authority under

8   California's new discretionary sentencing scheme, the Governor's

9   authority with respect to parole decisions is limited.  The Governor may

10  only review the evidence that was before the Board of Parole Hearings

11  ("Board") at the time it rendered its decision and base his decision on

12  that evidence.  Cal. Const. art. V, § 8 (b); *see also* Cal. Penal Code

13  § 3041.2.

14

15       Thus, when a court has concluded that the record does not contain

16  "some evidence" to support the Governor's determination that an inmate

17  is unsuitable for parole, a remand to the Governor would not serve any

18  purpose, and the proper disposition is to reinstate the Board's decision

19  and order the inmate's release if the release date set by the Board has

20  passed.  *See* <u>In re Dannenberg</u>, 173 Cal. App. 4th 237, 256-57, 92 Cal.

21  Rptr. 3d 647, 661-62 (2009); <u>In re Vasquez</u>, 170 Cal. App. 4th 370, 386,

22  87 Cal. Rptr. 3d 853, 863-64 (2009).  When, as here, the inmate has

23  already been released and is subject to a determinate period of parole,

24  the remedy is to credit his incarceration since the date he would have

25  been released, if the Board's decision granting parole had not been

26  reversed by the Governor, to his period of parole supervision.  *See,*

27  *e.g.* <u>Thomas v. Yates</u>, 637 F. Supp. 2d 837, 842 (E.D. Cal. 2009).  Thus,

28

1   the Court can afford Petitioner a remedy, and therefore, the Petition

2   is not moot.

3

4        Respondent argues that, to the extent the Magistrate Judge's

5   conclusion that the Governor's decision is not supported by "some

6   evidence" rests on the absence of a nexus between Petitioner's

7   commitment offense and Petitioner's current dangerousness, the

8   Magistrate Judge is applying state law rather than clearly established

9   federal law.  (*See* Objections at 10-11).  The Court rejects this

10  argument.  The Magistrate Judge applied the "some evidence" standard set

11  forth by the Supreme Court in Superintendent v. Hill, 472 U.S. 445, 105

12  S. Ct. 2768 (1985), which constitutes the clearly established federal

13  law in this area.  Pursuant to Irons v. Carey, 505 F.3d 846, 851 (9th

14  Cir. 2007), the Court "must look to California law to determine the

15  findings that are necessary to deem a prisoner unsuitable for parole,

16  and then must review the record in order to determine whether the state

17  court decision . . . constituted an unreasonable application of the

18  'some evidence' principle articulated in Hill."  In In re Lawrence, 44

19  Cal. 4th 1181, 1210, 82 Cal. Rptr. 3d 169, 189 (2008), the California

20  Supreme Court clarified that California law requires a rational nexus

21  between factors indicating unsuitability and the determination of

22  current dangerousness.  Thus, a federal court's application of the Hill

23  "some evidence" standard is informed by the California Supreme Court's

24  explication in Lawrence of what evidence is necessary under California

25  law to support the Board's or the Governor's decision that an inmate is

26  unsuitable for parole.

27

28

1    Moreover, in <u>Lawrence</u>, the California Supreme Court made clear that
2    it was merely clarifying existing California law.  *See* <u>In re Lawrence</u>,
3    44 Cal. 4th at 1227, 82 Cal. Rptr. 3d at 203 ("The relevant
4    determination by the Board and the Governor is, and always has been, an
5    individualized assessment of the continuing danger and risk to public
6    safety posed by the inmate.").  Thus, it is irrelevant that <u>Lawrence</u> was
7    handed down after the Governor issued his decision regarding
8    Petitioner's suitability for parole, and after the state court applied
9    the "some evidence" standard to the Governor's decision.

10

11    Having completed its review, the Court accepts and adopts the
12    Magistrate Judge's Report and Recommendation and the findings of fact,
13    conclusions of law, and recommendations therein.

14

15    IT IS ORDERED that the Petition is GRANTED based on Ground One and
16    DENIED based on Grounds Two and Three.  A writ of habeas corpus shall
17    issue as follows:  the Board shall calculate the remaining period, if
18    any, of Petitioner's three-year parole term by crediting him for his
19    incarceration between the date he would have been released on parole
20    pursuant to the Board's May 4, 2006 decision, if that decision had not
21    been reversed by the Governor, and Petitioner's release on parole on
22    November 13, 2008.  If Petitioner has already served his re-computed
23    parole term, the Board shall discharge him from parole.

24    ///

25    ///

26    ///

27    ///

28

1      IT IS FURTHER ORDERED that the Clerk shall serve copies of this

2  Order and the Judgment herein on counsel for Petitioner and counsel for

3  Respondent.

4

5      LET JUDGMENT BE ENTERED ACCORDINGLY.

6

7  DATED:  <u>November 12, 2009</u>.

8                                          _____

9                                          JOHN F. WALTER
                                           UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28